IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

----------------------------------------------

ARIZONA MOTORS, LLC, et al,

                Plaintiffs,

-vs-

VOLKSWAGEN OF AMERICA, INC.,
et al,

                Defendants.

----------------------------------------------

: CASE NO. 1:10 CV 01088
:
:
: MEMORANDUM OPINION AND
: ORDER DENYING VW CREDIT'S
: MOTION TO DISMISS

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is a motion to dismiss for failure to state a claim upon which relief can be granted, filed by defendant VW Credit, Inc. (Doc. 11). The plaintiffs, Arizona Motors and Joey Huang, have filed an opposition, and VW Credit has replied. (Doc. 12, 14). For the reasons that follow, the motion will be denied

**I. Background**

Plaintiff Arizona Motors is an Illinois limited liability company, with its principal place of business in Ashtabula, Ohio. (Doc. 1, ¶5). Arizona Motors is in the business of selling, leasing, and servicing motor vehicles. (Doc. 1, ¶5). Plaintiff Joey Huang is an owner and principal of Arizona Motors. (Doc. 1, ¶6). Defendant VW Credit is a Delaware corporation, with its principal place of business in Michigan. (Doc. 1, ¶9).

The plaintiffs maintain that VW Credit is a wholly owned subsidiary of co-defendant Volkswagen of America, Inc. ("Volkswagen"). (Doc. 1, ¶10). The plaintiffs state that Volkswagen uses VW Credit to provide financial services to dealers and consumers. (Doc. 1, ¶10). Throughout their complaint, the plaintiffs refer to Volkswagen and VW Credit collectively as "VWoA," and, where applicable, the Court will do the same.

The facts alleged in the complaint revolve around an unsuccessful business deal between the plaintiffs and VWoA. The parties had been negotiating a deal for the plaintiffs' acquisition and development of a Volkswagen dealership in Peoria, Arizona, which the plaintiffs refer to as VW Point. (Doc. 1, ¶¶11-19). Plaintiff Mr. Huang, who is Korean-American, alleges that he was to take part in VWoA's Dealer Diversity Program. (Doc. 1, ¶¶11-13). It appears that VWoA had been recruiting minority candidates for the program, and Mr. Huang had been selected as a "guinea pig" for the VW Point location. (Doc. 1, ¶¶11-13). Based on representations by the defendants, the plaintiffs were led to believe that they would be able to obtain a $500,000 loan to develop VW Point under this program. (Doc. 1, ¶¶34). The plaintiffs cite numerous representations and promises made by VWoA and their representatives, upon which the plaintiffs claim to have justifiably relied to their great expense. (Doc. 1, *passim*). Ultimately, the deal fell through, allegedly on account of VWoA's racial animus toward Mr. Huang. (Doc. 1, ¶¶57).

The plaintiffs brought this suit on 13 May 2010, stating six causes of action: Discrimination in the Making / Enforcement of Contract, 42 U.S.C. §1981; Violation of the Equal Credit Opportunity Act, 15 USC §§1691, et seq.; Retaliation under the Equal

Credit Opportunity Act, 15 U.S.C. §§ 1691, et seq; Tortious Interference with Business or Contractual Relations; Promissory Estoppel; and Negligent Misrepresentation.

Defendant VW Credit individually maintains that the plaintiffs have failed to state a plausible cause of action against it. (Doc. 11). VW Credit argues that while it is named as a defendant in this case, the plaintiffs have stated no facts that would implicate it in the wrongdoing allegedly committed. VW Credit maintains that it should accordingly be dismissed from this action, pursuant to Federal Rule 12(b)(6).

## II. 12(b)(6) Standard for Dismissal

When ruling on a 12(b)(6) motion, the Court must construe the complaint in a light most favorable to the plaintiff, accept all his factual allegations as true, and draw all reasonable inferences in his favor. Dubay v. Wells, 506 F.3d 422, 427 (6th Cir.2007). The Court need not accept as true the legal assertions of the plaintiff. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.' " Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "In considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated into the complaint by reference." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991).

3

### III. Discussion

VW Credit maintains that the allegations in the complaint do not amount to a plausible cause of action against it. They point out that the complaint specifically mentions VW Credit only a handful of times. In paragraphs 9 and 10, VW Credit is identified as a Delaware corporation and as a wholly owned subsidiary of Volkswagen. Paragraph 10 also establishes that the defendants use VW credit to provide financial services to dealers and customers. Paragraph 64 states that "[Arizona Motors] applied for a Diversity Dealer Development loan for $500,000 with [the defendants] through its subsidiary.[1]"

VW Credit is correct that these allegations alone would not sustain the stated causes of action. However, as the plaintiffs point out, the first sentence of the complaint indicates that Volkswagen and VW Credit are to be considered collectively as "VWoA."[2] In both the fact section and the individual counts, the plaintiffs use the term "VWOA" in reference to both defendants. The plaintiffs argue, therefore, that when "VWOA" is read as defined in the complaint, the causes of action enumerated in the complaint are plausible as to VW Credit.

In its reply, VW Credit argues that "VWOA" cannot reasonably apply to both defendants, because certain allegations must apply only to Volkswagen. In particular, VW Credit directs the Court to allegations involving a Letter of Intent and a

---

[1] Presumably, the word "subsidiary" refers to VW Credit, and construing the complaint in a light most favorable to the plaintiffs, the Court will treat it as such

[2] It appears that at the time VW Credit filed its motion, it either was unaware of or chose to disregard the plaintiffs' collective definition of the defendants in the complaint. Not unexpectedly, therefore, VW Credit does not advance arguments that would test the sufficiency of the complaint as to the collective VWOA.

4

Memorandum of Understanding. Both of these documents are attached to the complaint, and both indicate that Volkswagen, and not VW Credit, was the party to these agreements. VW Credit maintains that because these particular allegations cannot plausibly refer to it, it becomes "impossible to tell against which particular Defendant a claim is being made." (Doc. 14, p. 3). VW Credit argues therefore that none of the allegations referencing VWOA offer it fair notice of the claims against it.

The Court does agree that the plaintiffs' use of VWOA appears, at times, indiscriminate, as certain references seem to apply to one party or the other, and others appear to apply to both. This is not to say, however, that it is "impossible" for VW credit to determine the claims against it. Any allegation lodged against VWOA is one against VW credit, though it may be one deserving of a denial. Nor is it to say that VW Credit does not have fair notice of the claims against it. Under the Federal Rules, the plaintiffs must provide a "short and plain statement of the claim showing the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). The Federal Rules do not require "that each allegation list, by individual name, every defendant to which the allegation applies, when the collective 'defendants' sufficiently puts all defendants on notice that this claim is being asserted against them." <u>DeNune v. Consolidated Capital of North America, Inc.</u>, 288 F.Supp.2d 844, 860 (N.D.Ohio 2003). By stating that the collective term "VWOA" refers to both Volkswagen and VW Credit, the plaintiffs provide such notice.

Further, assuming that VW Credit was not a party to either the Letter of Intent or the Memorandum of Understanding, VW Credit does not explain how the various causes of action against the collective VWOA would fail as to VW Credit. In other words, it is not apparent that the plaintiffs' Equal Credit Opportunity Act claim, for

5

example, would lack sufficiency because VW Credit was not a party to these agreements. If VW Credit had argued and shown that being a party to the Letter of Intent or Memorandum of Understanding was necessary to maintaining this suit, the Court's analysis would perhaps be different.

VW Credit also contends that the plaintiffs have violated Federal Rule 11(b), because they could not have had a reasonable basis for some of the collective allegations. Specifically, VW Credit claims there is no reasonable basis for the allegation that VW Credit was a party to the Letter of Intent or the Memorandum of Understanding. VW Credit seems to suggest that this provides grounds for granting its motion. As already noted, the use of a collective allegation is not necessarily improper, and whether or not the plaintiffs have violated Rule 11 does not necessarily relate to the sufficiency of the complaint. Further, VW Credit has not motioned the Court for relief under Rule 11. The Court therefore disregards this argument.

As a final matter, the Court notes that the plaintiffs presented the issue of whether a purported agency relationship between Volkswagen and VW Credit – an allegation not raised in the complaint – might justify VW Credit's inclusion in this suit. Although the parties briefed the issue, it was not squarely presented on the defendant's motion to dismiss. Further, because the motion may be resolved for the reasons discussed above, it need not be addressed.

**IV. Conclusion**

For the foregoing reasons, VW Credit's motion is denied.

IT IS SO ORDERED.

Date 2/18/2011

UNITED STATES DISTRICT JUDGE

7