IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

------------------------------------------------
ARIZONA MOTORS, LLC, et al,

                      Plaintiffs,

-vs-

VOLKSWAGEN OF AMERICA, INC.,
et al,

                      Defendants.
------------------------------------------------

: CASE NO. 1:10 CV 01088
:
: <u>MEMORANDUM OF OPINION AND</u>
: <u>ORDER GRANTING DEFENDANTS'</u>
: <u>MOTION TO DISMISS PLAINTIFFS'</u>
: <u>COUNTERCLAIM</u>

UNITED STATES DISTRICT JUDGE LESLEY WELLS

Before the Court is the defendants' motion to dismiss plaintiffs' counterclaim for failure to state a claim upon which relief can be granted. (Doc. 41). The plaintiffs have filed an opposition, and the defendants have replied. (Doc. 44, 45). For the reasons that follow, the defendants' motion to dismiss plaintiffs' counterclaim will be granted.

**I. Background**

The plaintiffs brought this suit on 13 May 2010, stating six causes of action: Discrimination in the Making / Enforcement of Contract, 42 U.S.C. §1981; Violation of the Equal Credit Opportunity Act, 15 USC §§1691, et seq.; Retaliation under the Equal Credit Opportunity Act, 15 U.S.C. §§ 1691, et seq; Tortious Interference with Business

or Contractual Relations; Promissory Estoppel; and Negligent Misrepresentation. (Doc. 1). Defendants filed their answers on 9 July 2010 and 4 March 2011. (Doc. 10, 20).

On 29 July 2011, the defendants sought leave to amend their answer and assert a breach of contract counterclaim against the plaintiffs. (Doc. 27). After this Court granted their motion, the defendants filed a counterclaim on 16 September 2011. (Doc. 36, 37). On 13 October 2011, the plaintiffs replied to the defendants' counterclaim, and included in this reply their own counterclaim. (Doc. 39, 40). The plaintiffs' counterclaim alleges that the defendants' breach of contract counterclaim constitutes retaliation against the plaintiffs in violation of 42 U.S.C. § 1981.

The defendants now move to dismiss plaintiffs' counterclaim for failure to state a claim upon which relief can be granted, under Fed. R. Civ. P. 12(b)(6).

## II. 12(b)(6) Standard for Dismissal

When ruling on a 12(b)(6) motion, the Court must construe the complaint in a light most favorable to the plaintiff, accept all his or her factual allegations as true, and draw all reasonable inferences in his or her favor. Dubay v. Wells, 506 F.3d 422, 427 (6th Cir.2007). The Court need not accept as true the legal assertions of the plaintiff. Tackett v. M & G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009). "[T]o survive a motion to dismiss a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569 (2007)). "In considering a motion to

dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated into the complaint by reference." Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir.1991).

### III. Discussion

The defendants' motion contains several independent arguments potentially justifying dismissal of the plaintiffs' counterclaim. The defendants argue that 1) plaintiffs ignored the pleading deadline and failed to seek leave from this Court to bring their counterclaim; 2) plaintiffs' counterclaim fails to meet the pleading requirements of Fed. R. Civ. P. 8(a) and the United States Supreme Case of Iqbal; 3) there is no authority within the Northern District of Ohio or the Sixth Circuit permitting a party to plead a counterclaim in response to a counterclaim; and 4) the theory upon which plaintiffs' counterclaim relies fails as a matter of law.

This Court finds it unnecessary to address the defendants' first three procedural grounds for dismissal because plaintiffs' counterclaim is based upon a theory which fails as a matter of law. This Court will therefore, grant defendants' motion to dismiss plaintiffs' counterclaim.

*42 U.S.C. Section 1981*

Congress adopted 42 U.S.C. Section 1981 in order to ensure that the rights guaranteed by the post civil war constitutional amendments extended to prohibit racial discrimination in the formation of contracts. Further, the Supreme Court recently interpreted 42 U.S.C. Section 1981 to include claims for discriminatory actions involving retaliation. CBOCS, Inc. West v. Humphries, 128 S.Ct. 1951 (2008). It is within the above context that this Court must analyze the legal basis of the plaintiffs' counterclaim.

The plaintiffs' counterclaim alleges that the defendants' own counterclaim constituted retaliation under section 1981. Specifically, the plaintiffs allege that the defendants asserted their counterclaim as a means to retaliate against the plaintiffs for filing their complaint. To support their 'retaliation by counterclaim' theory, the plaintiffs cite several cases: notably, E.E.O.C. v. Outback Steakhouse of Florida, Inc., 75 F.Supp.2d 756, 758 (N.D. Ohio 1999), which held that counterclaims can constitute actionable retaliation claims under Title VII; and Rosario v. Taco Bell of America, Inc., 303 F.Supp.2d 878, 884-885 (N.D. Ohio 2004), which extended the logic of E.E.O.C. and held that a counterclaim can constitute retaliation in the context of the Federal Medical Leave Act ("FMLA").

Despite these above-cited cases, however, this Court will decline to extend the 'retaliation by counterclaim' theory to section 1981. The plaintiffs have failed to cite, and this Court has failed to locate, any case within the Northern District of Ohio or the Sixth Circuit which supports their legal theory in the context of section 1981. Further, this Court notes that the above-cited cases involve an employer counterclaiming against an employee who had recently filed a complaint alleging discrimination under

4

Title VII or the FMLA. These situations are quite different from the present case, which involved a potential commercial or business transaction, not an employer-employee relationship. For these reasons, this Court declines to recognize the 'retaliation by counterclaim' theory in the context of Section 1981, at least outside of a strict employer-employee context. Therefore, the defendants' motion to dismiss plaintiffs' counterclaim will be granted.

### IV. Conclusion

For the foregoing reasons, defendants' motion to dismiss plaintiffs' counterclaim is granted.

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE

5